IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff/Respondent, | § | |
| | § | Cr. No. C-03-249 (1) |
| V. | § | C.A. No. C-04-675 |
| | § | |
| OCTAVIO MARTINEZ-ORTEGA, | § | |
|     Defendant/Movant. | § | |

**MEMORANDUM OPINION AND ORDER DISMISSING
MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE,
AND DENYING CERTIFICATE OF APPEALABILITY**

Pending before the Court is Octavio Martinez-Ortega's ("Martinez") motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (D.E. 21),[1] which the Court deems filed as of December 16, 2004.[2] The Court ordered the government to respond, and the government filed a response in which it also moves for dismissal of the motion. (D.E. 27 at 8). Martinez also filed an amendment of his motion on March 8, 2005, as well as a reply to the government's motion. (D.E. 23, 33). As discussed in detail herein, one of Martinez's two claims is subject to dismissal because he waived his right to file that claim. The other claim, which falls outside the scope of his waiver, fails on its merits. For these reasons, discussed in more detail below, the Court DENIES his § 2255

---

[1] Dockets entries refer to the criminal case, C-03-cr-249.

[2] Although Martinez's motion was received by the Clerk on December 21, 2004, it is dated December 16, 2004. Thus, December 16, 2004 is the earliest date it could have been delivered to prison authorities for filing, the pertinent act for deeming a document filed by a *pro se* prisoner under Houston v. Lack, 487 U.S. 266. 276 (1988). See also United States v. Young, 966 F.2d 164, 165 (5th Cir. 1992) (providing benefit of Houston v. Lack to *pro se* prisoner in § 2255 proceedings). The Court deems it filed as of the earlier date. Utilizing either date, the motion is timely.

motion.  Additionally, the Court DENIES Martinez a Certificate of Appealability.

## I.  JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

## II.  FACTS AND PROCEEDINGS

On September 18, 2003, Martinez was charged in a single-count indictment with knowingly and intentionally possessing with intent to distribute approximately 6 kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). (D.E. 1).  On November 3, 2003, Martinez pleaded guilty pursuant to a written plea agreement. (D.E. 7, 8).  In exchange for his guilty plea and his waiver of appellate and § 2255 rights (discussed below), the government agreed to recommend that he receive a three-level credit for acceptance of responsibility, and to recommend a sentence at the low end of the guideline range. (D.E. 8).    The plea agreement contained a voluntary waiver of Martinez's right to appeal and to file a § 2255 motion:

> Defendant is aware that Title 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed.  The defendant waives the right to appeal the sentence imposed or the manner in which it was determined.  The defendant may appeal <u>only</u> (a) the sentence imposed above the statutory maximum; or (b) an upward departure from the Sentencing Guidelines, which had not been requested by the United States.  Additionally, the defendant is aware that Title 28, U.S.C. § 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final.  The defendant waives the right to contest his/her conviction or sentence by means of any post-conviction proceeding.

(D.E. 8 at ¶ 8) (emphasis in original).  The agreement was signed by both Martinez and his counsel.  (D.E. 8).  Martinez testified at his rearraignment that he read the agreement and discussed it with his attorney, and that he understood and signed the agreement. (D.E. 25, Rearraignment Transcript ("R. Tr.") at 17-18).

The Court questioned Martinez under oath at the rearraignment to ensure that his plea was voluntary and knowing and to ensure that he understood and was voluntarily relinquishing his appeal rights and right to file a § 2255 motion.  In ensuring that his waiver of appellate rights and § 2255 rights was voluntary, the Court asked Martinez:

> **THE COURT:** By this recommendation – excuse me – by this agreement, rather, you are also giving up – yes, I see – I also see you're giving up your right to appeal the sentence.
>
> You have the right to appeal your sentence as well as the right to later attack your conviction and your sentence by filing a Federal Writ of Habeas Corpus.
>
> Do you think that's a good way to describe this matter, Federal Writ of Habeas Corpus?
>
> **MR. GONZALEZ-FALLA [Defendant's counsel]:** Yes, Your Honor.
>
> **THE COURT:** That's basically what it is.  It's better than describing it as Title 28, United States Code 2255 or collaterally attack.
>
> We agree that Federal Writ of Habeas Corpus sounds – be a good way?
>
> **(No audible response)**
>
> In any event, you're giving up your right to appeal as well as to later attack your conviction and your sentence. Do you understand that?
>
> **THE DEFENDANT:** Yes, I understand.

>    **THE COURT:** Do you want to give up those rights?
>    **DEFENDANT:** Yes, sir.

(R. Tr. at 18-19). It is clear from the foregoing that Martinez's waiver was knowing and voluntary. See Fed. R. Crim. P. 11(b)(1)(N) (obligating court to ensure defendant understands any waiver of § 2255 rights and appellate rights prior to accepting his plea).

The Court ordered the U.S. Probation Office to prepare a Presentence Investigation Report ("PSR") and sentencing occurred on January 21, 2004. At sentencing, defense counsel objected to the PSR on the grounds that it did not give the defendant a three-level credit for acceptance of responsibility. The Court agreed and granted the three level credit. The resulting guideline range was 120 months to 120 months, the mandatory minimum sentence. (D.E. 26, Sentencing Transcript "S. Tr." at 5-9).

Martinez's counsel also argued that he was entitled to relief under the so-called "safety valve." 18 U.S.C. § 3553(f); U.S.S.G. § 5C1.2. The safety valve allows the court to sentence certain defendants without regard to the statutory minimum. U.S.S.G. § 5C1.2. One of those requirements is that, prior to sentencing, a defendant must have "truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan." 18 U.S.C. § 3553(f)(5).

At sentencing, the Court heard testimony at Martinez's sentencing from both the DEA agent to whom Martinez had debriefed and from Martinez, and concluded that Martinez had

4

not truthfully debriefed. (S. Tr. at 13-34). Accordingly, Martinez was not eligible for safety-valve relief. (Id. at 34-35).

The Court sentenced Martinez to 120 months in the custody of the Bureau of Prisons, to be followed by a five-year term of supervised release, and imposed a $100 special assessment. (D.E. 19, 20). Judgment of conviction and sentence was entered January 23, 2004. (D.E. 20). Consistent with his waiver of appellate rights, Martinez did not appeal. Martinez's timely § 2255 motion was filed December 16, 2004. (D.E. 21).

### III. MOVANT'S ALLEGATIONS

In his motion, Martinez asserts two claims. His first claim is an ineffective assistance of counsel claim. Specifically, he claims that he was denied effective assistance of counsel because his counsel insisted he should accept the plea, without ensuring that he really understood it, and because his counsel promised him that he would receive a "minimal sentence." (D.E. 21 at 7-8). He also claims that he was denied ineffective assistance of counsel because he was not given 35 days prior to sentencing in order to review the PSR. (D.E. 21 at 9-10).

Second, Martinez claims that he should be resentenced, relying on the Supreme Court's decisions in Blakely v. Washington, 124 S. Ct. 2531 (2004) and United States v. Booker, 125 S. Ct. 738 (2005). Although he provides much argument concerning the background and effect of both Blakely or Booker generally, he fails to explain how *his* sentence was unconstitutional, or point to any specific way in which *his* rights were violated

by his sentencing. Notably, he was sentenced at the mandatory statutory minimum for his offense, and the drug amounts that gave rise to his offense level were both charged in the indictment and admitted at the plea colloquy.

Construing his motion liberally, the Court believes that he is requesting that he be resentenced under the new discretion afforded district courts after Booker, rather than under a mandatory guidelines system.

Martinez acknowledges that he signed a waiver of § 2255 rights, but claims that the ineffective assistance he received renders his plea, and the waiver of his appeal and § 2255 rights, invalid. He further argues that "[t]he waiver can not preclude the claim of ineffective assistance of counsel or any new rule of constitutional law that is retroactive." Thus, he also appears to be contending that his Booker claim is not barred by his waiver because it is a retroactive new rule of constitutional law.

For the reasons set forth herein, Martinez's claims fail.

## IV. DISCUSSION

**A.    28 U.S.C. § 2255**

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir.

1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992). "[A] collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982).

The Court need not address whether Martinez has procedurally defaulted his claims by failing to appeal. Rather, the Court concludes that he waived the second claim in his § 2255 motion (his Booker claim), and thus it does not reach the merits of that claim. See infra Section IV.C.; United States v. Wilkes, 20 F.3d 651 (5th Cir. 1994) (enforcing defendant's voluntary and knowing waiver of § 2255 rights); United States v. McKinney, 406 F.3d 744 (5th Cir. 2005) (enforcing a waiver of appeal rights that was signed prior to the issuance of Booker). Likewise, his claim of ineffective assistance at sentencing (i.e., his claim regarding how long he had to review his PSR) falls within the scope of his waiver and is barred.

His claim that he received ineffective assistance with regard to his plea, however, falls outside the scope of his § 2255 waiver, because it is a direct challenge to the validity of the plea and, thus, the waiver. See, e.g., United States v. White, 307 F.3d 336, 343-44 (5th Cir. 2002) (an ineffective assistance claim survives a waiver "only when the claimed assistance directly affected the validity of that waiver or the plea itself"); cf. United States v. Branam, 231 F.3d 931, 931 n.1 (5th Cir. 2000) (considering defendant's argument that

7

United States breached the plea agreement, despite an appeal-waiver provision in the plea agreement). Thus, the Court turns first to this claim.

**B.     Ineffective Assistance of Counsel As to Plea**

An ineffective assistance of counsel allegation presented in a § 2255 motion is properly analyzed under the two-prong analysis set forth in Strickland v. Washington, 466 U.S. 668 (1984). United States v. Willis, 273 F.3d 592, 598 (5th Cir. 2001). To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that his counsel's performance was both deficient and prejudicial. Id. This means that a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence. United States v. Dovalina, 262 F.3d 472, 474-75 (5th Cir. 2001). If the movant fails to prove one prong, it is not necessary to analyze the other. Armstead v. Scott, 37 F.3d 202, 210 (5th Cir. 1994), cert. denied, 514 U.S. 1071 (1995) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one"); Carter v. Johnson, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

As noted, Martinez claims that he received ineffective assistance as to his plea because his attorney promised him an unspecified "minimal" sentence. Thus, he claims that his plea was involuntary because he did not have a full appreciation of its consequences. The Fifth Circuit has identified three core concerns in a guilty plea proceeding: (1) the

absence of coercion; (2) a full understanding of the charges; and (3) a realistic appreciation of the consequences of the plea. United States v. Garcia, 983 F.2d 625, 627-28 (5th Cir. 1993). At the time that Martinez pleaded guilty, the Court properly and fully assured itself that his plea was knowing and voluntary, as a trial judge is required to do. See James v. Cain, 56 F.3d 662, 666 (5th Cir. 1995); Taylor v. Whitley, 933 F.2d 325, 329 (5th Cir. 1991), cert. denied, 112 S. Ct. 1678 (1992) (defendant must have a full understanding of what the plea connotes and of its consequences). Indeed, in this case, Martinez's own testimony makes clear that his guilty plea was knowing and voluntary.

At his rearraignment, Martinez testified in open court that he had received a copy of his indictment and discussed it with his attorney. (R. Tr. at 10). He testified that he had enough time to talk with his attorney about his case, that he was satisfied with his services, that his counsel had been a good lawyer, and that he was following Martinez's instructions. (R. Tr. at 11). The Court informed Martinez of the various trial rights available to him, and he testified that he understood that if he pleaded guilty, he would be giving up those trial rights. (R. Tr. at 11-14). The Court informed Martinez of the charge against him and Martinez testified that he understood the charge. (R. Tr. at 14).

Consistent with Rule 11, Fed. R. Crim P., the Court explained to Martinez the maximum punishment that he might receive. Specifically, the Court informed him that he could be sentenced to a maximum of life in prison and a maximum fine of $4 million. The Court also informed him that there was a mandatory $100 special assessment, and a

9

minimum supervised release term of five years. (R. Tr. at 14). The Court also explained that the offense included a mandatory minimum sentence of ten years. (Id.). Martinez testified that he understood. (R. Tr. at 14-15). Martinez further testified that no one had threatened him or forced him to plead guilty, that no one had promised him leniency for pleading guilty, and that it was his decision to plead guilty. (R. Tr. at 16).

Martinez's sworn statements in open court are entitled to a strong presumption of truthfulness. United States v. Lampaziane, 251 F.3d 519, 524 (5th Cir. 2001) (citing Blackledge v. Allison, 431 U.S. 63, 74 (1977)). Indeed, the Fifth Circuit affords "great weight to the defendant's statements at the plea colloquy." United States v. Cothran, 302 F.3d 279, 283-84 (5th Cir. 2002). Put simply, Martinez's sworn statements preclude the relief he seeks here. His guilty plea was not induced by any promise of counsel. The record fully supports the conclusion that he was informed about the statutory minimum sentence applicable to his offense, which was exactly the sentence he received. Those sworn statements preclude the relief he seeks here, because they contradict any assertion that he was misled about his sentence or promised any specific sentence.

Additionally, to the extent he is claiming he did not know or understand his possible sentencing exposure, his claim fails because he was informed of that exposure prior to entering his plea. A defendant suffers no prejudice due to receiving misinformation from his attorney where the plea colloquy reflects that the district court corrected any such misinformation. See Lott v. Hargett, 80 F.3d 161, 167-68 (5th Cir. 1996). Thus, even if

Martinez's allegations concerning misstatements by his attorney were true, it is clear that any misinformation Martinez received from his attorney regarding his sentence was corrected by this Court prior to its acceptance of his guilty plea.

To the extent Martinez is claiming his counsel "promised" him he would receive a minimal sentence, he may proceed on that claim only under narrow circumstances. See United States v. Cervantes, 132 F.3d 1106, 1110 (5th Cir. 1998). Specifically, a defendant may seek habeas relief on the basis of alleged promises, even though inconsistent with his representations in open court, by proving: (1) the exact terms of the alleged promise; (2) exactly when, where, and by whom the promise was made; and (3) the precise identity of an eyewitness to the promise. 132 F.3d at 1110. A defendant is entitled to an evidentiary hearing on the issue if he can produce evidence showing the merit of his allegations, typically in the form of an affidavit from a reliable third party. Id. Martinez has not alleged specific facts about any sentence promise or about the identity of any witnesses to the promise, and has not provided any evidence showing the merit of his allegations. Thus, he would be unable to obtain relief even under the Cervantes exception.

In short, it is clear that Martinez cannot show that he would have insisted on going to trial but for counsel's performance, despite his bare allegations now to the contrary. Thus, Martinez cannot prove the prejudice prong of the Strickland inquiry, and it is unnecessary to determine whether his counsel's performance on this issue was deficient. His ineffective assistance claim fails.

11

Because the Court concludes that Martinez's only challenge to the plea agreement fails, then his waiver of § 2255 rights contained in his plea agreement is valid and enforceable. The effect of the waiver is discussed more fully in the subsequent section.

## C. Waiver of § 2255 Rights

It is clear from the rearraignment that Martinez understood that he was waiving his right both to appeal (except under certain circumstances) and to file any § 2255 motions, all that is required for his waiver to be enforceable. (R. Tr. at 18-19). See Wilkes, 20 F.3d at 653 (waiver is knowing if defendant understood he had a right, and understood he was giving it up). Again, Martinez's statements under oath are entitled to a strong presumption of truthfulness. Wilkes, 20 F.3d at 653; Cothran, 302 F.3d at 283-84. Those statements support a finding that his wavier was knowing and voluntary.

Moreover, the fact that Blakely and Booker were not decided until after Martinez signed his waiver does not place his claim outside the scope of the waiver. The Fifth Circuit has clearly held that "Blakely and Booker do not alter the plain meaning of appeal-waiver provisions in valid plea agreements." McKinney, 406 F.3d at 746-47 & n.5; see also, e.g., United States v. Killgo, 397 F.3d 628, n.2 (8th Cir. 2005) (enforcing waiver of appeal rights as to Sixth Amendment claim, noting that "[t]he fact that [defendant] did not anticipate the Blakely or Booker rulings does not place the issue outside the scope of his waiver"); United States v. Rubbo, 396 F.3d 1330, 1335 (11th Cir. 2005) (upholding waiver

12

of appeal rights signed prior to Blakely in case raising Booker claim); United States v. Bradley, 400 F.3d 459, 465-66 (6th Cir. 2005) (enforcing defendant's waiver of appeal signed prior to Booker as barring his Booker claim and collecting federal circuit court authority in agreement).

In sum, the Court concludes that Martinez's waiver of his right to file a § 2255 motion is valid and enforceable. Thus, while his ineffective assistance claim as to his plea is denied on the merits, his remaining claim -- a claim premised on Booker -- falls within the scope of his waiver. That claim, therefore, is not properly before the Court. See generally Wilkes, supra; White, supra; McKinney, supra. For these reasons, his § 2255 motion is DENIED in its entirety.

## D.   Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Winter has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a COA. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

The Court concludes that reasonable jurists could not debate the denial of Martinez's § 2255 motion on substantive grounds nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El, 537 U.S. at 327 (citing Slack, 529 U.S. at 484). Similarly, as to the claims that this Court has addressed on procedural grounds, the

Court finds that Martinez cannot establish at least one of the <u>Slack</u> criteria. Specifically, jurists of reasons would not find debatable this Court's ruling that his waiver bars both his <u>Booker</u> claim and his claim of ineffective assistance of counsel at sentencing. Accordingly, Martinez is not entitled to a COA as to his claims.

## V.  CONCLUSION

For the above-stated reasons, Martinez's motion under 28 U.S.C. § 2255 (D.E. 21) is DISMISSED WITH PREJUDICE. The Court also DENIES him a Certificate of Appealability.

Ordered this 24th day of October 2005.

*Hayden Head*
HAYDEN HEAD
CHIEF JUDGE